4/7/2025 10:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 99385205
By: Monica Jackson
Filed: 4/7/2025 10:31 PM

**EXHIBIT A**

## CAUSE NO. _____

| | | |
|---|---|---|
| MIRZA BAIG AND SAIMA ALI, | § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| UES PROFESSIONAL | § | |
| SOLUTIONS 44, LLC | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME MIRZA BAIG AND SAIMA ALI, Plaintiffs, complaining of Defendant

UES PROFESSIONAL SOLUTIONS 44, LLC, (hereinafter "Defendant Company") and

would show the Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs advise the Court and Defendant that Plaintiffs intend to conduct discovery

under Level 3 of the Texas Rules of Civil Procedure.

### II.
### STATEMENT OF MONETARY RELIEF SOUGHT

2. Plaintiffs are seeking monetary relief of over $1,000,000. Plaintiffs reserve the right to

amend this damage calculation as discovery progresses. Plaintiffs makes this damage

calculation at this time pursuant to Rule 47 of the Texas Rule of Civil Procedure.

Damages sought are within the jurisdictional limits of the court.

EXHIBIT A

## III.
### PARTIES

3. Plaintiff **MIRZA BAIG** is an individual residing in Montgomery County, Texas, and may be reached through the undersigned attorney.

4. Plaintiff **SAIMA ALI** is an individual residing in Montgomery County, Texas, and may be reached through the undersigned attorney.

5. Defendant **UES PROFESSIONAL SOLUTIONS 44, LLC** is a Texas Limited Liability Company.  Defendant **UES PROFESSIONAL SOLUTIONS 44, LLC** can be served through its registered agent COGENCY GLOBAL, INC. at 1601 Elm Street, Suite 4360, Dallas, Texas 75201, and may be served with process therein or wherever Defendant's registered agent may be found.

## IV.
### JURISDICTION AND VENUE

6. The Court has subject-matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

7. Venue is proper in Harris County under Texas Civil Practice & Remedies Code section 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

## V.
### FACTS

8. Plaintiffs would show that on or about December 10, 2023, Plaintiffs were traveling on the N. Sam Houston Parkway W. in Houston, Harris County, Texas when an

**EXHIBIT A**

unknown driver, while in the course and scope of their duties for Defendant **UES**

**PROFESSIONAL SOLUTIONS 44, LLC**, suddenly, and without warning, failed to

maintain a safe following distance, failed to control the speed of their vehicle, and

violently crashed into Plaintiffs' vehicle. As a result of these events, Plaintiffs suffered

serious bodily injuries.

## VI.
### CAUSES OF ACTION

**A.** *NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT COMPANY AND ITS DRIVER*

9. Plaintiffs repeat and re-allege each allegation contained above.

10. Plaintiffs sustained injuries because of the negligence and gross negligence of the

Defendant when Defendant Company and its driver:

    a)    Failed to maintain a safe following distance;

    b)    Failed to control the speed of their vehicle;

    c)    Drove recklessly;

    d)    Failed to pay attention to their surroundings;

    e)    Failed to exercise caution;

    f)    Failed to maintain a proper lookout;

    g)    Failed to timely apply the brakes;

    h)    Failed to operate the vehicle safely;

    i)    Violated applicable rules, regulations, and traffic laws;

Unofficial Copy Office of Marilyn Burgess District Clerk

**PLAINTIFFS' ORIGINAL PETITION**

**EXHIBIT A**

j)    Failed to properly supervise its employees;

k)    Failed to properly vet its employees;

l)    Failed to properly train its employees; and

m)    Other acts deemed negligent and grossly negligent.

11. On balance, Defendant owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiffs' injuries. As a result of Defendant's negligence, Plaintiffs suffered severe physical injury. Plaintiffs are entitled to recover for these injuries.

12. Additionally, the actions/inactions of the Defendant were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages.

**B.    *Respondeat Superior against Defendant Company.***

13. Plaintiffs repeat and re-allege each allegation contained above.

14. At the time of the collision and immediately prior thereto, the driver of the vehicle was within the course and scope of employment for Defendant Company.

15. At the time of the collision and immediately prior thereto, the driver of the vehicle was engaged in the furtherance of Defendant Company's business.

16. At the time of the collision and immediately prior thereto, the Defendant's Driver was engaged in accomplishing a task for which he was employed by Defendant Company.

**EXHIBIT A**

17. Plaintiffs invoke the doctrine of *Respondeat Superior* against Defendant Company for the conduct of the Defendant's Driver.

**C.      Agency against Defendant Company.**

18. Plaintiffs repeat and re-allege each allegation contained above.

19. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant Company occurred within the scope of the actual or apparent authority of such person on behalf of Defendant Company.

20. Therefore, Defendant Company is liable to Plaintiffs for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

**D.      Negligent Hiring against Defendant Company.**

21. Plaintiffs repeat and re-allege each allegation contained above.

22. Plaintiffs sustained injuries as a result of Defendant Company's negligent hiring because of Defendant Company's:

- Failure to conduct a reasonable and adequate interview of Defendant's Driver as a potential employee.

- Failure to properly follow up on information not provided by Defendant's Driver in the interview process.

- Failure to conduct a proper employment and background check of Defendant's Driver.

**EXHIBIT A**

- Failure to sufficiently investigate Defendant's Driver's training, prior employment, criminal record, and past.

- Failure to perform the require screening, testing, and physical of Defendant's Driver.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving Defendant Company's vehicles on interstate highways.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

23. On balance, Defendant Company owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiffs' injuries. As a result of the Defendant Company's negligent and grossly negligent hiring, Plaintiffs suffered severe injuries. Plaintiffs are entitled to recover for their injuries.

24. Additionally, the actions/inactions of Defendant Company were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages.

## E.    *Negligent Training against Defendant Company*

25. Plaintiffs repeat and re-allege each allegation contained above.

26. Plaintiffs sustained injuries as a result of the negligent training of Defendant Company:

- Failure to explain and demonstrate its safety policies and procedures to Defendant's Driver.

**EXHIBIT A**

- Failure to provide the necessary training to Defendant's Driver regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including Defendant's Driver, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

27. On balance, Defendant Company owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiffs' injuries. As a result of Defendant Company's negligent and grossly negligent training, Plaintiffs suffered severe injuries. Plaintiffs are entitled to recover for their injuries.

28. Additionally, the actions/inactions of Defendant Company were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages.

## F.    *Negligent Supervision, Retention, and Monitoring against Defendant Company.*

29. Plaintiffs repeat and re-allege each allegation contained above.

EXHIBIT A

30. Plaintiffs sustained injuries as a result of the negligent supervision, retention, and monitoring of Defendant Company because of Defendant Company's:

- Failure to monitor Defendant's Driver to make sure that he was complying with policies and procedures.

- Failure to interview and test Defendant's Driver to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Defendant's Driver, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Defendant's Driver to ensure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

31. On balance, Defendant Company owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiffs' injuries. As a result of Defendant Company's negligent and grossly negligent supervision, retention, and monitoring, Plaintiffs suffered severe injuries. Plaintiffs are entitled to recover for their injuries.

32. Additionally, the actions/inactions of Defendant Company were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages.

**EXHIBIT A**

**G.    *Negligent Entrustment against Defendant Company.***

33. Plaintiffs repeat and re-alleges each allegation contained above.

34. Plaintiffs sustained injuries as a result of Defendant Company's negligent entrustment because Defendant Company:

- Provided a vehicle and/or authority to Defendant's Driver who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

35. On balance, Defendant Company owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiffs' injuries. As a result of Defendant Company's negligent and grossly negligent entrustment of a motor vehicle to Defendant's Driver, Plaintiffs suffered severe injuries.  Plaintiffs are entitled to recover for their injuries.

36. Additionally, the actions/inactions of Defendant Company were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages.

**H.    *Ratification against Defendant Company.***

37. Plaintiffs repeat and re-allege each allegation contained above.

38. Defendant Company is responsible for the negligence and gross negligence of Defendant's Driver under the theory of ratification because Defendant Company:

- Retained its driver after he committed the underlying tortious acts;
- Knew of its driver's tortious acts;

- Recognized that its driver will likely continue to be negligent if he is retained;

- Recognized that its driver will likely continue to be grossly negligent if he is retained;

- Failed to take adequate measures to prevent its driver from committing future tortious acts; and

- Otherwise adopted, confirmed, or failed to repudiate its driver's negligent and grossly negligent conduct after Defendant gained knowledge of the conduct.

39. As a result of Defendant's Driver's negligent and grossly negligent conduct, which Defendant Company ratified, Plaintiffs suffered severe injuries. Plaintiffs are entitled to recover for their injuries. Defendant Company's actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages.

## VII.
## JURY TRIAL DEMANDED

40. Plaintiffs hereby demand a trial by jury.

## VIII.
## DAMAGES

41. As a direct and proximate result of the accident and such negligence and gross negligence as listed above, Plaintiffs sustained and suffered damages as follows:

a) Plaintiffs have incurred reasonable and necessary medical expenses and in all reasonable probability such medical expenses will continue in the future;

b) Plaintiffs have experienced mental anguish in the past as a result of physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of these physical injuries;

PLAINTIFFS' ORIGINAL PETITION                                              Page 10 of 12

**EXHIBIT A**

c) Plaintiffs have experienced physical pain and suffering in the past as a result of injuries, and in all reasonable probability, will continue to sustain physical pain and suffering in the future as a result of these injuries;

d) Plaintiffs have experienced physical impairment or physical incapacity in the past as a result of this incident and, in all reasonable probability, will continue to experience physical impairment in the future;

e) Plaintiffs have experienced lost wages in the past as a result of this incident and, in all reasonable probability, will suffer loss of earning capacity in the future; and

f) Plaintiffs are entitled to exemplary damages.

42. Plaintiffs plead for pre- and post-judgment interest at the maximum legal allowable rate.

## IX.
### INITIAL DISCLOSURES

43. Pursuant to Rule 194.1(a) of the Texas Rules of Civil Procedure, Defendant(s) must disclose, within thirty days of filing an answer or general appearance, the information and materials described in Texas Rules of Civil Procedure 194.2, 194.3, and 194.4.

## X.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendant be cited to appear and answer herein and, that upon final trial, Plaintiffs have judgment against Defendant for all damages proved, all of which are within the jurisdictional limits of this Court, for costs of court, for prejudgment interest in accordance with the law, for interest

**EXHIBIT A**

on the judgment until the time the judgment is paid, and for such other and further relief

to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**PM LAW FIRM**

 /s/ John Papapavlou
John Papapavlou
Texas Bar No. 24059061
Porya Mostaghimi
Texas Bar No. 24065797
15600 John F. Kennedy Blvd.
Suite 650
Houston, Texas 77032
Tel. (281) 968-9529
Fax (281) 520-4246
Email: john@pmtxlaw.com
Email: porya@pmtxlaw.com

**ATTORNEYS FOR PLAINTIFFS**