**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MIRZA BAIG and SAIMA ALI | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-02142 |
| | § | |
| UES PROFESSIONAL SOLUTIONS | § | |
| 44, LLC | § | |
| | § | |
| *Defendant* | § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff Mirza Baig and Plaintiff Saima Ali (hereinafter collectively "Plaintiffs"), complaining of Defendant UES Professional Solutions 44, LLC and Defendant Kevin E. Fadelle (hereinafter collectively "Defendants") and for cause of action Plaintiff would respectfully show unto the Court as follows. In compliance with F.R.C.P 15(a), Plaintiffs have acquired consent from Defendant UES Professional Solutions 44, LLC to file this Amended Complaint.

**A. JURISDICTION & VENUE**

1.1    Plaintiff originally filed cause of action in Texas State District Court for Harris County, Texas and was removed by Defendant UES Professional Solutions 44, LLC to Federal Court due to diversity jurisdiction. Pursuant to 28 U.S.C. § 1332 and with the addition of Defendant Fadelle as a Defendant, Plaintiffs believe that diversity jurisdiction no longer exists. Plaintiffs seek an amount in controversy exceeding $75,000.00.

**B.  PARTIES**

2.1    Plaintiff Mirza Baig and Plaintiff Saima Ali are individuals residing in Montgomery County, Texas.

2.2    Defendant UES Professional Solutions 44, LLC (hereinafter "Defendant UES") is a for-profit business entity authorized to conduct business in the State of Texas. Defendant UES has made an appearance and filed an answer in this cause of action.

2.3    Defendant Kevin E. Fadelle (hereinafter "Defendant Fadelle") is an individual who resides in Harris County, Texas. Defendant Fadelle can be served at his last known address: 14723 Wind Cave Lane, Houston, Texas 77040 or wherever he may be found.

## C. MISNOMER/ALTER EGO

3.1    In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## D. FACTS

4.1    On or about December 10, 2023, Plaintiffs were motorists traveling eastbound on the N. Sam Houston Tollway W. in Harris County, Texas. Defendant Fadelle, operating a motor-vehicle owned by Defendant UES, was traveling in the same direction directly behind Plaintiffs. Suddenly and unexpectedly, Defendant Fadelle failed to control the speed of his vehicle and violently crashed into the rear of Plaintiffs' vehicle.

4.2    At all times material Defendant Fadelle was operating within the scope of employment with Defendant UES. Furthermore, Defendant Fadelle was operating a vehicle owned and under the control of Defendant UES.

4.3    As a result of Defendant Fadelle's negligent operation of a motor vehicle, Plaintiffs suffered substantial injuries and damages.

## E. CAUSES OF ACTION: DEFENDANT UES and DEFENDANT FADELLE

5.1     Defendant Fadelle had a duty to exercise the degree of care that a reasonably prudent person driving an automobile would use to avoid harm to others under circumstances similar to those described herein.

5.2     Plaintiffs' injuries were proximately caused by Defendant Fadelle's negligent, careless, and reckless disregard of said duty.

5.3     On the occasion in question, the collision and Plaintiffs' damages were proximately caused by the negligence, carelessness, and recklessness of Defendant in one or more of the following particulars:

(1)     In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(2)     In failing to take proper evasive action to avoid an impending collision, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(3)     In failing to maintain a proper and appropriate speed, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(4)     In failing to control the vehicle and properly apply the brakes, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(5)     In failing to make a safe turn or movement of a vehicle, in violation of TEX. TRANS. CODE § 545.103, which also constitutes negligence *per se*;

(6)     In failing to maintain a proper and appropriate following distance, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(7)     In driving the vehicle in willful or wanton disregard for the safety of persons, in violation of TEX. TRANS. CODE § 545.401, which also constitutes negligence *per se*;

3

(8)    In failing to maintain a clear distance between his vehicle and Plaintiff's vehicle, so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle, in violation of TEX. TRANS. CODE § 545.062, which also constitutes negligence *per se*; and

(9)    And other acts and/or omissions so deemed negligent.

5.4    Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and Plaintiffs' injuries and damages pled herein.

5.5    Plaintiffs state that at the time of the occurrence made the basis of this suit, Defendant Fadelle was acting in the capacity as an agent, servant, and/or employee of Defendant UES and was acting within the course and scope of his authority as such. Therefore, the doctrine of *Respondent Superior* should be applied to Defendant UES and it should be held responsible for the acts of its agents and/or employees and/or servants.

## F. CAUSES OF ACTION: DEFENDANT UES

6.1    In addition, Defendant UES negligently hired, supervised, trained, and retained Defendant Fadelle.  As an employer, Defendant UES owed a duty to Plaintiffs and the general public to hire, supervise, train and retain a competent, professional and commercial driver.  Defendant UES owed said duty to supervise and train Defendant Fadelle to ensure that the public would be safe while Defendant Fadelle operated commercial vehicles on behalf of Defendant UES.  Based on information and belief, Defendant UES breached said duties and negligently permitted and/or encouraged Defendant Fadelle to negligently operate a commercial vehicle owned by Defendant UES.

4

6.2    Additionally, in the absence of Defendants' negligence, the incident would not have occurred. Defendants' breach of said duties was, singularly or in combination with others, the producing and/or proximate cause of the incident and Plaintiffs' damages pled herein.

6.3    Further, Defendant UES is liable for negligent entrustment of a motor-vehicle to Defendant Fadelle. Defendant UES may be held liable because: (1) as the owner, Defendant UES entrusted his vehicle to Defendant Fadelle; (2) Defendant Fadelle was an unlicensed, incompetent, impaired and/or reckless driver; (3) Defendant UES knew or should have known Defendant Fadelle was an unlicensed, incompetent, impaired and/or reckless driver; (4) Defendant Fadelle was negligent on the occasion in question; and (5) Defendant Fadelle's negligence proximately caused Plaintiffs' injuries.

### G. DAMAGES

7.1    This claim for damages is based upon the facts and legal theories more fully set out herein.

7.2    As a result of the negligent acts of Defendants, Plaintiffs have suffered damages in the past and will, in reasonable probability, continue to suffer damages in the future in an amount which is within the jurisdictional limits of this Court.

7.3    As a proximate cause of Defendants' negligence, negligence *per se*, and gross negligence Plaintiffs have sustained the following damages:

(1)    Medical, hospital, and pharmaceutical charges and expenses in the past;

(2)    Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

(3)    Pain and suffering in the past;

(4)    Pain and suffering that, in reasonable probability, will be suffered in the future;

(5)    Mental anguish suffered in the past;

5

(6)     Mental anguish that, in reasonable probability, will be suffered in the future;

(7)     Disability and impairment in the past;

(8)     Disability and impairment that, in reasonable probability, will occur in the future;

(9)     Disfigurement in the past;

(10)    Disfigurement that, in reasonable probability, will occur in the future;

(11)    Loss of earnings and earning capacity suffered in the past; and

(12)    Loss of earnings and earning capacity that, in reasonable probability, will occur in the future.

7.4     Based on the above enumerated injuries and damages which were caused by the negligent acts and/or omissions of Defendants, Plaintiffs plead for actual damages in an amount that the jury deems reasonable under the circumstances which exceed the minimum jurisdictional limits of the Court.

7.5     Additionally, the actions/inactions of Defendant UES were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages.

## H. JURY DEMAND

8.1.    Plaintiffs hereby demand a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiffs have judgment against Defendants for actual damages in an amount the jury deems reasonable under the circumstances, which are in excess of the minimum jurisdictional limits of the Court, together with pre-judgment

interest, post-judgment interest, costs of court, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**TILTON & TILTON, LLP**

*/s/ Michael S. Tilton*

_____

Michael S. Tilton
Texas State Bar No. 24056438
Federal Bar No. 876832
E-Mail: MTilton@tiltonlawfirm.com
Gwendolyn H. Bell
Texas State Bar No. 24146680
Federal Bar No. 3918933
E-Mail: GBell@tiltonlawfirm.com
River Oaks Tower
3730 Kirby Drive, Suite 1020
Houston, Texas 77098
Telephone: (713) 774-8600
Facsimile: (713) 222-2124

**ATTORNEYS FOR PLAINTIFFS**

7

**CERTIFICATE OF CONFERENCE**

Pursuant to F.R.C.P. 15(a), Plaintiffs acquired Defendant's consent to amend Plaintiffs' complaint.

*/s/ Michael S. Tilton*
Michael S. Tilton

**CERTIFICATE OF SERVICE**

Counsel for Plaintiffs hereby certifies that the foregoing instrument was served on all counsel of record via ECF pursuant to the Federal Rules of Civil Procedure on **June 6, 2025.**

*/s/ Michael S. Tilton*
Michael S. Tilton