**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MIRZA BAIG and SAIMA ALI | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-02142 |
| | § | |
| UES PROFESSIONAL SOLUTIONS | § | |
| 44, LLC and KEVIN E. FADELLE | § | |
| | § | |
| *Defendant* | § | |

**PLAINTIFFS' MOTION TO REMAND**

COMES NOW, Plaintiffs Mirza Baig and Plaintiff Saima Ali and respectfully file this Motion to Remand the above-styled action to the 190th Judicial District of Harris County, Texas under 28 U.S.C. §1447(c).  This Court should GRANT Plaintiffs' Motion to Remand because:

1.   Defendant UES Professional Solutions 44, LLC removed this action based on diversity jurisdiction;

2.   Since the time of Defendant's removal, Plaintiffs have identified the driver of Defendant's vehicle as a Texas resident;

3.   Plaintiffs have since joined Defendant's driver to this suit; therefore, the Court's diversity jurisdiction no longer exists.

**I.**

**Introduction**

1.   This case involves a motor vehicle collision between Plaintiffs' and a commercial vehicle owned by Defendant UES Professional Solutions 44, LLC ("UES") and operated by Defendant Kevin Fadelle ("Fadelle").  Following the collision, Defendant Fadelle failed to stop and provide information to the police.  As a result, he was not individually identified on the police accident report generated for this incident.

2.      On April 7, 2025, Plaintiffs filed their Original Petition in the 190th Judicial District Court of Harris County, Texas under Cause No. 2025-24222.  At the time of filing, Plaintiffs had yet to confirm the identity of Defendant Fadelle.  Accordingly, only Defendant UES was named in Plaintiffs' petition.  Thereafter, on May 12, 2025, Defendant UES Professional Solutions 44, LLC removed the case to this Court under 28 U.S.C. § 1441(b), alleging diversity jurisdiction under 28 U.S.C. § 1332. [Doc. 1].

3.      Since the time of Defendant UES's removal, Plaintiffs have identified Defendant Fadelle as the driver involved. Accordingly, on June 6, 2025, Plaintiffs filed their First Amended Complaint joining Defendant Fadelle to this suit.[1] [Doc. 9]. Plaintiffs' investigation has revealed that Defendant Fadelle is a citizen of Texas. Service has been requested but has yet to be effectuated for Defendant Fadelle.

## II.

## This Court Should GRANT Plaintiffs' Motion to Remand

4.      This Court should grant Plaintiffs' Motion to Remand as Defendant Fadelle is a resident of the State of Texas.  Prior to Defendant Fadelle's joinder, the Court's jurisdiction was based solely on diversity of citizenship. With the addition of Defendant Fadelle, diversity jurisdiction no longer exists, and this case should be remanded.

5.      As the Court is well aware, it must remand a case when a non-diverse defendant is added. *Cobb v. Delta Exports, Inc.,* 186 F.3d 675, 677 (5th Cir. 1999) (holding that joinder of non-diverse defendant "destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable").  Pursuant to 28 U.S.C. § 1447(e), remand is required: "if after removal the plaintiff seeks to join additional defendants whose joinder would

---

[1] Defendant UES was not opposed to Plaintiff's First Amended Complaint joining Defenndat Fadelle.

destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

6.      Here, Defendant Fadelle was the driver involved in the collision. Moreover, Defendant UES is not opposed to Plaintiffs' First Amended Complaint adding Defendant Fadelle to this action. Therefore, Defendant Fadelle's joinder is proper.

7.      Therefore, as joinder of Mr. Fadelle is proper, and as Plaintiffs and Defendant Fadelle are Texas citizens, the parties are no longer diverse. Consequently, diversity jurisdiction over this action has been destroyed. Accordingly, this Court should grant Plaintiffs' Motion to Remand.

## PRAYER

For all these reasons, Plaintiffs ask the Court to grant the Motion to Remand and remand their suit to the state court where it was originally filed, the District Court of Harris County, 190th Judicial District, pursuant to 28 U.S.C. § 1447(d).  Plaintiffs also pray for such other a further relief, in law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**TILTON & TILTON, LLP**

*/s/ Michael S. Tilton*

_____
Michael S. Tilton
Texas State Bar No. 24056438
Federal Bar No. 876832
E-Mail: MTilton@tiltonlawfirm.com
Gwendolyn H. Bell
Texas State Bar No. 24146680
Federal Bar No. 3918933
E-Mail: GBell@tiltonlawfirm.com
3730 Kirby Drive, Suite 1020
Houston, Texas 77098
Telephone: (713) 774-8600
Facsimile: (713) 222-2124
**ATTORNEYS FOR PLAINTIFFS**