IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIRZA BAIG AND SAIMA ALI, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CAUSE NO.: 4:25-cv-02142 |
| | § | |
| UES PROFESSIONAL SOLUTIONS 44, LLC | § § § | |
| | § | |
| Defendant. | | |

**DEFENDANT UES PROFESSIONAL SOLUTIONS 44, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendant UES Professional Solutions 44, LLC ("UES") files its Response in Opposition to Plaintiffs' Motion to Remand ("Motion") [ECF No. 13] and respectfully shows the Court as follows.

**A. INTRODUCTION**

1. Plaintiffs' Motion should be denied because it is based entirely on the unsupported assertion that Kevin Fadelle is a Texas citizen. Plaintiffs offer no competent evidence of Mr. Fadelle's domicile, nor do they show that he has been properly served or made an appearance in this case. Diversity jurisdiction is assessed at the time the action is filed, and the Court's jurisdiction is not defeated by later events. Plaintiffs have not met their burden to show that complete diversity is lacking or that removal was otherwise improper.

**B. ARGUMENT**

2. It is a well-established rule that diversity of citizenship is assessed at the time the action is filed. "We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan,*

1

*Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858, 860, 112 L. Ed. 2d 951 (1991) (diversity jurisdiction not destroyed by addition of non-diverse party). 28 U.S.C. § 1447 "cannot be read to overrule the repeatedly expressed view that changes after removal cannot eliminate jurisdiction and require remand." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 n. 4 (5th Cir. 1996).

3.      An exception to this well-established rule is the addition of an indispensable party. *Whalen v. Carter*, 954 F.2d 1087, 22 Fed. R. Serv. 3d 561 (5th Cir. 1992). Plaintiffs have not pleaded that Mr. Fadelle is an indispensable party.

4.      Plaintiffs bear the burden to demonstrate a lack of subject matter jurisdiction, or the absence of complete diversity. As a preliminary matter, Plaintiffs' allegations that they have "identified the driver of [UES's] vehicle as a Texas resident' is not competent evidence of citizenship. See *Pls.' Mot. to Remand* [ECF No. 13]. An allegation of residency alone does not establish domicile or citizenship. "Citizenship requires not only 'residence in fact' but also 'the purpose to make the place of residence one's home.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (citations omitted).

5.      To establish a party's domicile, courts require evidence of the party's intent to remain in the state, such as where the party exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). Further, Plaintiffs' mere conclusory allegation, speculation, and unsubstantiated assertion that Mr. Fadelle is a citizen of Texas is no evidence at all. Moreover, the record contains no return of service or waiver of service signed by Mr. Fadelle. Plaintiffs' Motion does not identify when, if ever, Mr. Fadelle was served. Mr. Fadelle has not filed an answer or otherwise appeared. In the absence of admissible evidence, Plaintiffs fail to

rebut this Court's jurisdiction over the case.

6.	Plaintiffs do not dispute that removal to this Court was timely under 28 U.S.C. § 1446(b) and no procedural defects exist. The notice of removal was filed within 30 days of service of Plaintiffs' state court petition.

## C.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant UES Professional Solutions 44, LLC respectfully requests that the Court deny Plaintiffs' Motion to Remand and grant all other relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Bijan R. Siahatgar*
**BIJAN R. SIAHATGAR, Lead Counsel**
Texas Bar No. 18336200
S.D. Tex. No. 13796
Clark Hill PLC
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile
BSiahatgar@clarkhill.com

Of Counsel:

JASON M. KIM
Texas Bar No. 24136949
S.D. Tex. No. 3721145
Clark Hill PLC
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile
JKim@clarkhill.com

**ATTORNEYS FOR DEFENDANT**
**UES PROFESSIONAL SOLUTIONS 44, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 1, 2025, a true and correct copy of this document was served on all counsel of record via e-serve, email, facsimile, first class mail and/or otherwise.

*/s/Bijan R. Siahatgar*
BIJAN R. SIAHATGAR