United States District Court
Southern District of Texas

**ENTERED**

August 04, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MIRZA BAIG and SAIMA ALI,          §
                                   §
      Plaintiffs,                  §
                                   §
v.                                 §        Civil Action No. H-25-2142
                                   §
UES PROFESSIONAL SOLUTIONS 44,     §
LLC, and KEVIN E FADELLE           §
                                   §
      Defendants.                  §


ORDER ON MOTION TO REMAND


Pending is Plaintiffs Mirza Baig and Saima Ali's Motion for Remand (Document No. 13), to which Defendant UES Professional Solutions 44, LLC responded in opposition (Document No. 15).

This case arises out of a motor vehicle accident that Defendant Kevin E. Fadelle allegedly caused while acting within the scope of his employment by Defendant UES in December 2023. Plaintiffs filed suit in state court on April 7, 2025 naming Defendant UES as the sole defendant because, according to Plaintiffs, Defendant Fadelle had fled the scene of the accident and his identity was still unknown. Document No. 1-1.

On May 12, 2025, Defendant UES removed the case to federal court based solely on diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(b). Document No. 1. On May 29, 2025 Plaintiffs filed their Certificate of Interested Parties (Document

No. 7), by which date Plaintiffs identified Kevin E. Fadelle, "Address Unknown Phone Number Unknown" as Defendant's Driver, Potential Defendant."  Id.  A week later, after obtaining an address for Fadelle and with the consent of Defendant UES, pursuant to Federal Rule of Civil Procedure 15(a)(2) Plaintiffs amended their Complaint (Document No. 9) and added UES's driver, Kevin E. Fadelle, 14723 Wind Cave Lane, Houston, Texas 77040, as a Defendant.[1]  On page 1, paragraph 1.1 of the Amended Complaint Plaintiffs state that "with the addition of Defendant Fadelle as a Defendant, Plaintiffs believe that diversity jurisdiction no longer exists."  Id.  Less than a week later, Plaintiffs filed the instant Motion to Remand, asserting that the Court lacks subject-matter jurisdiction because both Plaintiffs and Defendant Fadelle are citizens of Texas.  Document No. 13.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); *see also* Hensgens v. Deere & Co., 833 F.2d 1179, 1181 (5th Cir. 1987) ("Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will.").

---

[1] Fadelle was subsequently personally served with process at this Houston address.  (Document No. 16)

Despite the plain language of the statute and Defendant's consent to Plaintiffs filing the Amended Complaint joining Fadelle, Defendant UES argues that the joinder of a non-diverse, dispensable defendant after removal to federal court is irrelevant because subject-matter jurisdiction is frozen at the time an action is removed. Document No. 15 at 2 (citing Freeport-McMoRan, Inc. v. K N Energy, Inc., 111 S. Ct. 858, 860 (1991) (per curiam) and Whalen v. Carter, 954 F.2d 1087 (5th Cir.1992)).[2] Defendant UES's argument was previously made and rejected by the Fifth Circuit in Cobb v. Delta Exports, Inc., 186 F.3d 674-81 (5th Cir. 1999). Cobb made an exhaustive analysis of Freeport-McMoRan, and Section 1447(e), concluding

> [W]e decline to read Freeport-McMoRan as broadly as the defendants do. Its holding does not overrule Hensgens or § 1447(e), both of which suggest that the district court erred in permitting joinder of [a non-diverse second defendant] and the city and then declining to remand.

Id. at 681. Notwithstanding the "broad statement" in Freeport McMoRan regarding diversity jurisdiction at the time the action or removal is filed, the Fifth Circuit explained that such is to be read as dictum given that "the Freeport court was faced with a

---

[2] Defendant UES also cites Doddy v. Oxy USA, Inc., 101 F.3d 448, 456 n.4 (5th Cir. 1996). But that court retained continuous subject-matter jurisdiction, first through 28 U.S.C. § 1334 and then 28 U.S.C. § 1367. Doddy did not involve 28 U.S.C. § 1447(e) or diversity jurisdiction and is irrelevant here.

Rule 25 addition," not present in Cobb (or in the instant case).

Id. at 680.

> [T]o read Freeport McMoRan as holding that a court may permit post-removal joinder of a non-diverse defendant *and* retain jurisdiction is to understand the Court as having overruled § 1447(e), a provision whose plain language and legislative history indicate that a court can do no such thing.

Id.    Cobb also rejected Whalen's "insinuation" that § 1447(e) applies only to indispensable parties, finding it unpersuasive dictum.    Id.    In the Fifth Circuit, when joinder "destroys diversity for jurisdictional purposes," Section 1447(e) "requires remand, *even when the newly joined defendants are not indispensable*."    Id. at 677 (emphasis added).

Section 1447(e) grants the Court discretionary authority over joinders that may destroy jurisdiction.  Here, because Plaintiffs filed their First Amended Complaint with Defendant UES's consent pursuant to FED. R. CIV. P. 15(a)(2), the Court was not confronted with a decision on whether to deny or permit joinder.  By expressly consenting, Defendant UES waived any objection to Fadelle's joinder. *See* Cano v. Scottsdale Ins. Co., 2011 WL 5416320, at *3 (S.D. Tex. Nov. 7, 2011) (Ellison, J.) (remanding for lack of subject-matter jurisdiction where the defendant waived any joinder argument by failing to oppose the plaintiff's amended complaint); *see also* Martinez v. Topbuild Corp, 2020 WL 4287707, at *2 (S.D. Tex. July 27, 2020) (Eskridge, J.) (same).  However, if any

4

question remains, the Court PERMITS the filing of Plaintiffs' First Amended Complaint that joins the non-diverse Defendant Fadelle.

Because joinder of a non-diverse defendant destroys the Court's subject-matter jurisdiction, remand is required pursuant to 28 U.S.C. § 1447(e); Cobb, 186 F.3d at 677 "[T]he court may not permit joinder of non-diverse defendants but then decline to remand."  It is therefore

ORDERED that Plaintiffs' Motion to Remand (Document No. 13) is GRANTED and this case is REMANDED to the 190th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. § 1447(c).

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 4th day of August 2025.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE